**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LUZ I. RODRIGUEZ, | ) | NO. ED CV 16-1696-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

### PROCEEDINGS

Plaintiff filed a complaint on August 5, 2016, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on January 21, 2017. Plaintiff filed a motion for summary judgment on January 27, 2017.

Defendant filed a motion for summary judgment on March 27, 2017. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed August 9, 2016.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since early April of 2010, based on alleged physical and mental impairments (Administrative Record ("A.R.") 179-82, 195-96). An Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff and a vocational expert (A.R. 28-38, 42-66). The ALJ found that Plaintiff has severe physical impairments which limit her to the following residual functional capacity:

> [Plaintiff can] perform sedentary work as defined in 20
> C.F.R. 404.1567(a)[1] except that [Plaintiff] can occasionally
> climb, balance, stoop, kneel, crouch, and crawl; never
> [climb] ladders, ropes, or scaffolds; frequently perform

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles. . . . Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." See 20 C.F.R. § 404.1567(a). "'Occasionally' means occurring from very little up to one-third the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about [two] hours of an [eight]-hour workday, and sitting should generally total approximately [six] hours of an [eight]-hour workday." See Social Security Ruling ("SSR") 83-10 (further defining sedentary work). Social Security rulings are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

```
 1          reaching, fingering, and handling including overhead
 2          reaching; and avoid concentrated exposure to cold and
 3          vibration; and avoid moderate exposure to industrial
 4          hazards.
 5
 6   (A.R. 32).  In finding Plaintiff retains this capacity, the ALJ gave
 7   little or no weight to the contrary opinions of the treating and
 8   examining physicians of record (A.R. 33-35).  The ALJ did not mention
 9   the opinions of the non-examining state agency physicians (A.R. 33-
10   35).
11
12        The vocational expert testified that a person with the residual
13   functional capacity defined by the ALJ could perform Plaintiff's past
14   relevant work (A.R. 53-54).  The ALJ relied on this testimony in
15   finding Plaintiff not disabled (A.R. 36).  The Appeals Council
16   considered additional evidence but denied review (A.R. 1-5; see
17   also A.R. 1830-34 (new opinion evidence post-dating the ALJ's adverse
18   decision)).
19
20                          **STANDARD OF REVIEW**
21
22        Under 42 U.S.C. section 405(g), this Court reviews the
23   Administration's decision to determine if: (1) the Administration's
24   findings are supported by substantial evidence; and (2) the
25   Administration used correct legal standards.  See Carmickle v.
26   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
27   499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,
28   682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such
```

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial

evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

**I.  On the Present Record, Substantial Evidence Does Not Support the ALJ's Residual Functional Capacity Determination.**

The ALJ's decision does not identify any medical opinion on which the ALJ may have relied in determining Plaintiff's residual functional capacity. If the ALJ lacked any support in the medical opinion evidence for the particulars of the residual functional capacity determination, the determination cannot stand. An ALJ cannot rely on the ALJ's own lay opinion to determine the severity of medically determinable impairments. See Tackett v. Apfel, 180 F.3d at 1102-03; Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975).

The ALJ may have derived the particulars of the residual functional capacity determination from the opinions of the non-examining state agency physicians. Compare A.R. 32 (ALJ's determination) with A.R. 76-78 (May 21, 2013 opinion finding Plaintiff capable of light work with restrictions) and A.R. 94-96 (January 7, 2014 opinion finding same). The nonexertional limitations in the residual functional capacity determination parrot the state agency

physicians' opinions, except that the ALJ found Plaintiff capable of frequent overhead reaching, whereas the state agency physicians limited Plaintiff to occasional overhead reaching (A.R. 32, 77-78, 95). To the extent the ALJ relied on the non-examining physicians' opinions, however, the opinions could not constitute substantial evidence to support the ALJ's decision. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician <u>or</u> a treating physician." <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1995) (emphasis in original); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007) ("When [a nontreating] physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the [nontreating] physician are not 'substantial evidence.'"); <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician").

Moreover, a treating physician's conclusions "must be given substantial weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d at 631-33 (discussing deference owed to treating physicians' opinions). Even where the treating physician's opinions

are contradicted, as here, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).[2]

---

[2] The Court need not and does not determine whether the ALJ stated legally sufficient reasons to discount the opinions of treating physicians Ahmed and Anabi. However, on remand, the ALJ should define more clearly and more specifically the reasons why the ALJ discounts the opinions of each of these treating physicians (if discounting occurs again on remand); see Kinzer v. Colvin, 567 Fed. App'x 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . ."); compare Wilson v. Colvin, 583 Fed. App'x 649, 651 (9th Cir. 2014) (upholding rejection of treating physician's opinion where the ALJ determined that the opinion was not corroborated by any other medical opinion, was inconsistent with the rest of the record, and relied heavily on the claimant's own subjective statements which the ALJ found incredible); see also Nash v. Colvin, 2016 WL 67677, at *7 (E.D. Cal. Jan. 5, 2016) ("the ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding. . .") (citations and quotations omitted); Casillas v. Colvin, 2015 WL 6553414, at *3 (C.D. Cal. Oct. 29, 2015) (same); Franco v. Astrue, 2012 WL 3638609, at *10 (C.D. Cal. Aug. 23, 2012) (same). To the extent the opinions of other medical sources contradicted
(continued...)

The vocational expert testified that a person with certain of the limitations the treating and examining physicians found to exist would not be able to perform any work. Compare A.R. 62-63 (vocational expert testimony) with A.R. 1447 (Dr. Anabi's opinion that Plaintiff would miss work more than three times per month due to her condition), A.R. 1799-1800 (Dr. Anabi's opinion that Plaintiff's pain would interfere with her concentration frequently (i.e., from 1/3 to 2/3 of an eight hour day), that she would have to take unscheduled breaks every hour for 30 to 60 minutes, and that she would miss more than three days of work per month due to her symptoms), and A.R. 1833-34 (Dr. Qazi's opinion, submitted only to the Appeals Council, finding limitations similar to the limitations found by Dr. Anabi). In light of the vocational expert's testimony, the Court is unable to deem the ALJ's errors in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted).

**II. Remand for Further Administrative Proceedings is Appropriate.**

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d 881, 88 (9th Cir. 2011); see also

---

[2](...continued)
the opinions of the treating physicians, such contradiction triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d at 631-33.

INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

There remain significant unanswered questions in the present record. Cf. Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further proceedings to allow the ALJ to "comment on" the treating physician's opinion). Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if the treating physicians' opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

///

///

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 20, 2017.

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　CHARLES F. EICK
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.